**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

**Southern District of New York**

(State)

Case number *(if known)*: _____    Chapter ___11___

☐ Check if this is an amended filing

Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy

04/20

If more space is needed, attach a separate sheet to this form.  On the top of any additional pages, write the debtor's name and the case number (if known).  For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals*, is available.

| | | |
|---|---|---|
| **1. Debtor's Name** | **AG Holdings II Inc.** | |
| **2. All other names debtor used in the last 8 years**<br><br>Include any assumed names, trade names, and *doing business as* names | **See Rider 1** | |
| **3. Debtor's federal Employer Identification Number** (EIN) | **52-1653828** | |

**4. Debtor's address**

| Principal place of business | | Mailing address, if different from principal place of business |
|---|---|---|
| **700** **Lanidex Plaza** | | |
| Number Street | | Number Street |
| | | P.O. Box |
| **Parsippany** **NJ** **07054** | | |
| City State Zip Code | | City State Zip Code |
| | | **Location of principal assets, if different from principal place of business** |
| **Morris County** | | |
| County | | Number Street |
| | | City State Zip Code |

**5. Debtor's website** (URL)    **www.kingsfoodmarkets.com; www.balduccis.com**

**6. Type of debtor**

☒ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))

☐ Partnership (excluding LLP)

☐ Other. Specify: _____

**7. Describe debtor's business**

A. *Check One:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Railroad (as defined in 11 U.S.C. § 101(44))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))

☒ None of the above

B. *Check all that apply:*

☐ Tax-exempt entity (as described in 26 U.S.C. § 501)

☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)

☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes .

**4451 (Grocery Stores)**

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

A debtor who is a "small business debtor" must check the first sub-box. A debtor as defined in § 1182(1) who elects to proceed under subchapter V of chapter 11 (whether or not the debtor is a "small business debtor") must check the second sub-box.

*Check One:*

☐ Chapter 7

☐ Chapter 9

☒ Chapter 11. *Check all that apply:*

☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,725,625. If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

☐ The debtor is a debtor as defined in 11 U.S.C. § 1182(1), its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $7,500,000, **and it chooses to proceed under Subchapter V of Chapter 11.** If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return, or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

☐ A plan is being filed with this petition.

☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934.  File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form**.**

☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

☒ No

☐ Yes.

| District | _____ | When | MM/DD/YYYY | Case number | _____ |
| District | _____ | When | MM/DD/YYYY | Case number | _____ |

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

List all cases. If more than 1, attach a separate list.

☐ No

☒ Yes.

Debtor **See Rider 2**

District **Southern District of New York**

Case number, if known _____

Relationship **See Rider 2**

When **See Rider 2**

MM / DD / YYYY

| Debtor | **AG Holdings II Inc.** | Case number *(if known)* | |
|---|---|---|---|
| | Name | | |

**11. Why is the case filed in *this* district?**

*Check all that apply:*

☐ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☒ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☒ No

☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all that apply.*)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

What is the hazard?

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other

**Where is the property?**

| Number | Street |
|---|---|

| City | State | Zip Code |
|---|---|---|

**Is the property insured?**

☐ No

☐ Yes.    Insurance agency

Contact name

Phone

---

**Statistical and administrative information**

**13. Debtor's estimation of available funds**

*Check one:*

☐ Funds will be available for distribution to unsecured creditors.

☒ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

**14. Estimated number of creditors[1]**

| | | | | | |
|---|---|---|---|---|---|
| ☐ | 1-49 | ☒ | 1,000-5,000 | ☐ | 25,001-50,000 |
| ☐ | 50-99 | ☐ | 5,001-10,000 | ☐ | 50,001-100,000 |
| ☐ | 100-199 | ☐ | 10,001-25,000 | ☐ | More than 100,000 |
| ☐ | 200-999 | | | | |

**15. Estimated assets**

| | | | | | |
|---|---|---|---|---|---|
| ☐ | $0-$50,000 | ☐ | $1,000,001-$10 million | ☐ | $500,000,001-$1 billion |
| ☐ | $50,001-$100,000 | ☐ | $10,000,001-$50 million | ☐ | $1,000,000,001-$10 billion |
| ☐ | $100,001-$500,000 | ☐ | $50,000,001-$100 million | ☐ | $10,000,000,001-$50 billion |
| ☐ | $500,001-$1 million | ☒ | $100,000,001-$500 million | ☐ | More than $50 billion |

---

[1]    The Debtors' estimated assets, liabilities, and number of creditors noted here are provided on a consolidated basis.

| 16. Estimated liabilities | ☐ $0-$50,000 | ☐ $1,000,001-$10 million | ☐ $500,000,001-$1 billion |
|---|---|---|---|
| | ☐ $50,001-$100,000 | ☐ $10,000,001-$50 million | ☐ $1,000,000,001-$10 billion |
| | ☐ $100,001-$500,000 | ☐ $50,000,001-$100 million | ☐ $10,000,000,001-$50 billion |
| | ☐ $500,001-$1 million | ☒ $100,000,001-$500 million | ☐ More than $50 billion |

**Request for Relief, Declaration, and Signatures**

**WARNING --** Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on    **08/23/2020**
_____
MM/ DD / YYYY

✗    **/s/ Judith Spires**                                    **Judith Spires**
_____        _____
Signature of authorized representative of debtor        Printed name

Title    **Chief Executive Officer**
_____

**18. Signature of attorney**

✗    **/s/ *Vincent Indelicato***                    Date    **08/23/2020**
_____                _____
Signature of attorney for debtor                                    MM/DD/YYYY

**Vincent Indelicato**
_____

**Proskauer Rose LLP**
_____
Firm name

**Eleven Times Square**
_____
Number                        Street

**New York**                            **NY**            **10036**
_____        _____    _____
City                                                State            ZIP Code

**(212) 969-3000**                        **vindelicato@proskauer.com**
_____        _____
Contact phone                                    Email address

**4733606**                            **NY**
_____        _____
Bar number                                    State

Fill in this information to identify the case:

United States Bankruptcy Court for the:

**Southern District of New York**

(State)

Case number *(if known)*: _____   Chapter ___11___

## Rider 1

## All other names debtor used in the last 8 years

1.   Kings Food Markets

2.   Kings

3.   Kings – Where Inspiration Strikes

4.   Kings Catering

5.   Kings Super Markets

6.   Balducci's Food Lover's Market

7.   Balducci's

8.   Balducci's Gourmet to Go

9.   Balducci's Food Lover's Market Catering

10.   Balducci's Express

11.   Sutton Place Gourmet

12.   Hayday Markets

<table>
<tr><td colspan="2"><strong>Fill in this information to identify the case:</strong></td></tr>
</table>

**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

**Southern District of New York**
(State)

Case number *(if known):* _____     Chapter ____11____

## Rider 2
## Pending Bankruptcy Cases Filed by the Debtor and Affiliates of the Debtor

On the date hereof, each of the entities listed below (collectively, the "Debtors") filed a petition in the United States Bankruptcy Court for the Southern District of New York for relief under chapter 11 of title 11 of the United States Code.  The Debtors have moved for joint administration of these cases under the case number assigned to the chapter 11 case of KB US Holdings, Inc.

| COMPANY | CASE NUMBER |
|---|---|
| KB US Holdings, Inc. | 20-_____ (     ) |
| KB Holding, Inc. | 20-_____ (     ) |
| AG Kings Holdings Inc. | 20-_____ (     ) |
| AG Holdings II Inc. | 20-_____ (     ) |
| Kings Super Markets, Inc. | 20-_____ (     ) |
| Balducci's Holdings LLC | 20-_____ (     ) |
| Balducci's Connecticut LLC | 20-_____ (     ) |
| Balducci's Maryland LLC | 20-_____ (     ) |
| Balducci's Virginia LLC | 20-_____ (     ) |
| Balducci's New York LLC | 20-_____ (     ) |

**UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

|  |  |  |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| AG HOLDINGS II INC. | ) ) ) | Case No. 20-_____(___) |
| Debtor. | ) ) ) | |

**LIST OF EQUITY SECURITY HOLDERS[2]**

Pursuant to Rule 1007(a)(3) of the Federal Rules of Bankruptcy Procedure, the following identifies all holders having a direct or indirect ownership interest of the above-captioned debtor in possession (the "**Debtor**").

Check applicable box:

☐ There are no equity security holders or corporations that directly or indirectly own 10% or more of any class of the debtor's equity interest.

☒ The following are the debtor equity security holders (list holders of each class, showing the number and kind of interests registered in the name of each holder, and the last known address or place of business of each holder):

| Name and Last Known Address of Place of Business of Holder | Kind/Class of Interest | Number of Interests Held |
|---|---|---|
| AG Kings Holdings Inc. 700 Lanidex Plaza Parsippany, NJ 07054 | Equity | 100% |

---

[2] This list serves as the required disclosure by the Debtors pursuant to Rule 1007 of the Federal Rules of Bankruptcy Procedure. All equity positions listed are as of the date of commencement of the Chapter 11 Cases.

**UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| AG HOLDINGS II INC. | ) | Case No. 20-_____(___) |
| | ) | |
| | ) | |
| Debtor. | ) | |
| | ) | |

## CORPORATE OWNERSHIP STATEMENT

Pursuant to Rules 1007(a)(1) and 7007.1 of the Federal Rules of Bankruptcy Procedure and Rule 1007-3 of the Local Bankruptcy Rules for the Southern District of New York, KB US Holdings, Inc. ("Holdings") and certain of its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "Debtors"), respectfully represent as follows:

1.      Holdings' equity structure is made up of 10,500,000 shares, divided into two classes of stock of which (a) 5,500,00 is designated as Common Stock and (b) 5,000,000 is designated as Preferred Stock.  KB Group Holdings Inc. and its affiliates beneficially own 98.62% of each of the common stock and preferred stock issued and outstanding; Judith Spires owns 1.2% of the common stock and preferred stock issued and outstanding; and Richard Durante owns 0.26% of the common stock and preferred stock issued and outstanding.  No Debtor holds any of US Holdings' stock.

2.      One hundred percent (100%) of KB Holding, Inc. is directly owned by Holdings.

3.      One hundred percent (100%) of AG Kings Holdings Inc. is directly owned by KB Holding, Inc.

4.      One hundred percent (100%) of AG Holdings II Inc. is directly owned by AG Kings Holdings Inc.

a.      One hundred percent (100%) of Kings Super Markets, Inc. is directly owned by AG Holdings II Inc.

b.      One hundred percent (100%) of the membership interest of Balducci's Holdings LLC ("Balducci's")  is directly owned by AG Holdings II Inc.;

i.  Balducci's Holdings LLC owns one hundred percent (100%) of the membership interests of:

1.  Balducci's Connecticut LLC;

2.  Balducci's Maryland LLC;

3.  Balducci's Virginia LLC; and

4.  Balducci's New York LLC.

**Fill in this information to identify the case:**

Debtor name __AG Holdings II Inc.__

United States Bankruptcy Court for the: **Southern** _____ District of **New York**
(State)

Case number (If known): _____

☐ Check if this is an amended filing

## Official Form 204

## Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 40 Largest Unsecured Claims and Are Not Insiders

12/15

A list of creditors holding the 40 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an *insider,* as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 40 largest unsecured claims.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 | **Porky Products 198 Emmet Street Newark, NJ 07114-2720** | Attn: Nicole Musselman, Credit Dept. 732-541-0200 732-359-9171 Nicole.Musselman@porky.com | Trade Vendor | | | | $2,799,795 |
| 2 | **Fresh Pro Food Distributors/ Rlb Food Distributors 2 Dedrick Place CN2285 West Caldwell, NJ 07006** | Attn: Teri Torack, Controller 973-575-9526 973-276-3559 ttorack@freshpro.com | Trade Vendor | | | | $2,661,679 |
| 3 | **Kehe Distributors LLC 1245 E. Diehl Road, Suite 200 Naperville, IL 60563** | Attn: Pamela Mobley, AR Analyst 630-343-0000 800-995-5343 Pamela.Mobley@kehe.com | Trade Vendor | | | | $2,087,227 |
| 4 | **Inter-County Bakers, Inc. 1095 Long Island Avenue Deer Park, NY 11729** | Attn :Brittany Gervasi, AR 631-957-1350 800-696-1350 brittany@icbakers.com | Trade Vendor | | | | $705,781 |
| 5 | **Chex Finer Foods 71 Hampden Road Mansfield, MA 02048** | Attn: Robin Broberg, A/R Credit Specialist 800-227-8114 508-226-0660 r.broberg@chexfoods.com | Trade Vendor | | | | $456,725 |
| 6 | **The Chefs Warehouse LLC 240 Food Center Drive Bronx, NY 10474** | Attn: Courtney Denkovich, VP, Credit and Collections 203-894-1345 x 10124 cdenovich@chefswarehouse.com | Trade Vendor | | | | $431,988 |
| 7 | **Dora's Naturals 21 Empire Boulevard South Hackensack, NJ 07606** | Attn: Cyrus Schwartz 201-229-0500 cyruss@dorasnaturals.com melissah@dorasnaturals.com | Trade Vendor | | | | $418,853 |
| 8 | **Valley & Plainfield Associates, L.P. 395 Pleasant Valley Way West Orange, NJ 07052** | Attn: Wilma Lew 908-604-6837 Wilma@cromandevelopment.com | Rent | Disputed | | | $417,966 |

Debtor __AG Holdings II Inc._____                     Case number *(if known)*_____
       Name

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim *If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim.* | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 9 | Farmlind Produce LLC 802 Bergen Street Newark, NJ 07108 | Attn: Matthew Lind 724-541-5786 201-321-1123 farmlindproduce@gmail.com | Trade Vendor | | | | $385,044 |
| 10 | Block 4 LLC 2220 Pennsylvania Avenue NW Suite 200W Washington, DC 20037 | Attn: Stephanie Friedman or Rich Ellis 202-585-0806 202-585-0843 communications@restonchamber.org | Rent | | | | $370,040 |
| 11 | Sushi Maru Express 65 Challenger Road, Suite 202 Ridgefield Park, NJ 07660 | Attn: John Kim, General Manager 201-654-0422 john.k@sushimaruexpress.com | Trade Vendor | | | | $327,817 |
| 12 | Wakefern Food Corp. 33 Northfield Avenue Edison, NJ 08837 | | Trade Vendor | | | | $258,026 |
| 13 | Aetna Health Inc. P.O. Box 804735 Chicago, IL 60680 | | Benefits | | | | $240,967 |
| 14 | Bimbo Foods, Inc. P.O. Box 827810 Philadelphia, PA 19182-7810 | Attn: Nimika Baldsing 519-620-6941 866-492-2242 x 6941 nimika.baldsing@grupobimbo.com | Trade Vendor | | | | $214,734 |
| 15 | Congressional Seafood Co. Inc. 7775 Chesapeake Bay Court Jessup, MD 20794 | Attn: Michelle LeBlanc, AR 410-799-8626 michelle@congressionalseafood.com | Trade Vendor | | | | $214,391 |
| 16 | Horizon Blue Cross P.O. Box 10130 Newark, NJ 07101-3130 | | Benefits | | | | $213,683 |
| 17 | World's Best Cheese, Inc. 111 Business Park Drive Armonk, New York, 10504 | Attn: Legal Department 800-922-4337 kathy@wbcheese.com | Trade Vendor | | | | $208,091 |
| 18 | Acme Paper & Supply Co, Inc. P.O. Box 75087 Baltimore, MD 21275 | Attn: Michael Attman 410-792-2333 800-462-5812 mattman@acmepaper.com | Trade Vendor | | | | $194,554 |
| 19 | E & M Ice Cream Inc. 701 Zerega Avenue Bronx, NY 10473 | Attn: Nathalya Granada, AR 718-518-8707 ngranada@eandmco.com | Trade Vendor | | | | $193,294 |

Debtor **AG Kings Holdings, Inc.**

Name

Case number (if known)_____

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 20 | Suburban Disposal 54 Montesano Road Fairfield NJ 07004 | Attn: Kerry Roselle 973-227-7020 973-445-4697 kmroselle@optonline.com | Utility | | | | $189,980 |
| 21 | Montgomery County, Maryland 255 Rockville Pike, 2nd Floor Rockville, MD 20850 | | Tax | | | | $183,686 |
| 22 | Jersey Central Power & Light 300 Madison Avenue Morristown, NJ 07960 | | Utility | | | | $178,204 |
| 23 | Bunzl Distribution Northeast 27 Distribution Way Monmouth, NJ 08852 | Attn: Dave Maszezak 732-821-7000 dave.maszezak@bunzlusa.com | Trade Vendor | | | | $173,648 |
| 24 | Liberty Coca Cola Beverages P.O. Box 780810 Philadelphia, PA 19178 | Attn: Chela Mariz Ramos Bade, AR 800-628-6189 accountsreceivable@coke-bsna.com | Trade Vendor | | | | $173,643 |
| 25 | Precision Mechanical 1360 Industrial Boulevard Southampton, PA 18966 | Attn: Jim Salamone 215-396-2627 jsalamone@premech.net | Repairs & Maintenance | | | | $153,486 |
| 26 | Pepperidge Farm Incorporated P.O. Box 640758 Pittsburgh, PA 15264-0758 | | Trade Vendor | | | | $144,120 |
| 27 | Euro USA P.O. Box 63471 Charlotte, NC 28263-3471 | | Trade Vendor | | | | $133,368 |
| 28 | Madison Seafood Inc. 228 Wright Street Newark, NJ 07114 | | Trade Vendor | | | | $132,266 |
| 29 | Goya Foods Inc. 350 County Road Jersey City, NJ 07307 | | Trade Vendor | | | | $122,915 |
| 30 | Frito Lay Inc. 74 Remittance Drive, Suite 1217 Chicago, IL 60675-1217 | | Trade Vendor | | | | $122,291 |

Debtor **AG Kings Holdings, Inc.** _____   Case number (if known)_____

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 31 | Public Service Electric & Gas P.O. Box 14444 Brunswick, NJ 08906-4444 | | Utility | | | | $114,445 |
| 32 | Raritan Building Services Corp. 2 Gourmet Lane, Suite 2-600 Edison, NJ 08837 | | Repairs & Maintenance | | | | $112,423 |
| 33 | Mondelez Global LLC P.O. Box 13428 Newark, NJ 07188-0428 | | Trade Vendor | | | | $112,405 |
| 34 | Canada Dry Bottling Co. P.O. Box 741098 Atlanta, GA 30374-1078 | | Trade Vendor | | | | $110,321 |
| 35 | Metropolitan Foods Inc. 174 Delawanna Avenue Clifton, NJ 07014 | | Trade Vendor | | | | $110,206 |
| 36 | Mcmahon's Farm 305 Jackson Road Hopewell Junction, NY 12533 | | Trade Vendor | | | | $109,267 |
| 37 | Pete D'Andrea Provisions 178 Scharer Avenue Northvale NJ 07647 | | Trade Vendor | | | | $106,904 |
| 38 | Peet's Coffee & Tea P.O. Box 3900 San Francisco, CA 94139 | | Trade Vendor | | | | $90,946 |
| 39 | Garelick Farms, LLC P.O. Box 844358 Boston, MA 02284-4358 | | Trade Vendor | | | | $90,735 |
| 40 | Jim Bolognese 251 Dahlgren Place Brooklyn, NY 11228 | | Trade Vendor | | | | $89,848 |

Fill in this information to identify the case and this filing:

Debtor Name          **AG Holdings II Inc.**

United States Bankruptcy Court for the:          **Southern District of New York**

(State)

Case number (If known):

## Official Form 202

## Declaration Under Penalty of Perjury for Non-Individual Debtors          12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

### ▊ Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐ *Schedule A/B: Assets-Real and Personal Property (Official Form 206A/B)*

☐ *Schedule D: Creditors Who Have Claims Secured by Property (Official Form 206D)*

☐ *Schedule E/F: Creditors Who Have Unsecured Claims (Official Form 206E/F)*

☐ *Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G)*

☐ *Schedule H: Codebtors (Official Form 206H)*

☐ *Summary of Assets and Liabilities for Non-Individuals (Official Form 206Sum)*

☐ Amended Schedule

☒ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 40 Largest Unsecured Claims and Are Not Insiders (Official Form 204)*

☒ Other document that requires a declaration_____ **List of Equity Security Holders and Corporate Ownership Statement** _____

I declare under penalty of perjury that the foregoing is true and correct.

Executed on

| 08/23/2020 | ☒ **/s/ Judith Spires** |
|---|---|
| MM/ DD/YYYY | Signature of individual signing on behalf of debtor |
| | **Judith Spires** |
| | Printed name |
| | **Chief Executive Officer** |
| | Position or relationship to debtor |

### RESOLUTIONS OF THE GOVERNING BODIES OF

**KB US HOLDINGS, INC.**
**KB HOLDING, INC.**
**AG KINGS HOLDINGS INC.**
**AG HOLDINGS II INC.**
**KINGS SUPER MARKETS, INC.**
**BALDUCCI'S HOLDINGS LLC**
**BALDUCCI'S CONNECTICUT LLC**
**BALDUCCI'S MARYLAND LLC**
**BALDUCCI'S VIRGINIA LLC**
**BALDUCCI'S NEW YORK LLC**

**August 22, 2020**

The required members of the board of directors, board of managers, or the sole member, as the case may be (as applicable, the "**Governing Body**" and, collectively, the "**Governing Bodies**"), of each of the above referenced companies (each, a "**Company**," and collectively, the "**Companies**"), do hereby resolve to adopt, and do hereby adopt, the following resolutions at a meeting of the board of managers or directors, or by action of the sole member, as the case may be, pursuant to the organizational documents of the Companies and, as applicable, Section 141 of the Delaware General Corporation Law, Section 18-3029(d) of the Delaware Limited Liability Company Act, Sections 407 and 408 of the New York Limited Liability Company Law and Section 6-7.1 of the New Jersey Business Corporation Act, as applicable.

**WHEREAS**, on July 13, 2020, the Companies entered into that certain Asset Purchase Agreement, by and among TLI Bedrock LLC, a New York limited liability company, as Buyer, and each of the Companies as Sellers, pursuant to which the Companies have agreed to sell substantially all of their assets, subject to and in accordance with the terms and conditions therein (together with all attachments and exhibits thereto, the "**APA**");

**WHEREAS**, the APA contemplates that the Companies shall, and the Companies intend to, file petitions seeking relief under the provisions of chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**", and such case, the "**Chapter 11 Cases**");

**WHEREAS**, pursuant to the APA, the consummation of the transactions contemplated thereby is subject to, among other things, the entry of the Sale Order (as defined in the APA) by the United States Bankruptcy Court for the Southern District of New York, under, inter alia, Sections 363 and 365 of the Bankruptcy Code;

**WHEREAS**, the Governing Body of each Company has reviewed and had the opportunity to ask questions about the materials presented by the management and the legal and financial advisors of such Company regarding the liabilities and liquidity of such Company, the strategic alternatives available to it and the impact of the foregoing on such Company's businesses;

**WHEREAS**, the Governing Body of each Company has had the opportunity to consult with the management and the legal and financial advisors of such Company to fully consider each of the strategic alternatives available to such Company; and

**WHEREAS**, each Governing Body believes that commencing a Chapter 11 Case and taking the actions set forth below are in the best interests of the applicable Company and, therefore, desires to approve the following resolutions.

## I.      Commencement of Chapter 11 Case

**NOW, THEREFORE, BE IT RESOLVED**, that the Governing Body of each Company has determined, after consultation with the management and the legal and financial advisors of such Company, that it is desirable and in the best interests of such Company, its creditors, and other parties in interest that a petition be filed by the Company seeking relief in a Chapter 11 Case pursuant to the Bankruptcy Code; and be it further

**RESOLVED**, that Judith Spires, the Chief Executive Officer of KB US Holdings, Inc., and any officer of each respective Company (each, an "**Authorized Officer**" for such respective Company) in each case, acting singly or jointly, be, and each hereby is, authorized, empowered, and directed to execute and file in the name and on behalf of the applicable Company, and under its corporate seal or otherwise, all petitions, schedules, motions, lists, applications, pleadings, and other papers in the United States Bankruptcy Court for the Southern District of New York (the "**Bankruptcy Court**"), and, in connection therewith, to employ and retain all assistance by legal counsel, accountants, financial advisors, investment bankers and other professionals, and to take and perform any and all further acts and deeds which such Authorized Officer deems necessary, proper, or desirable in connection with such Company's Chapter 11 Case, including, without limitation, negotiating, executing, delivering and performing any and all documents, agreements, certificates and/or instruments in connection with the transactions and professional retentions set forth in this resolution, with a view to the successful prosecution of the Chapter 11 Case; and be it further

## II.     Retention of Advisors

**RESOLVED**, that the firm of Peter J. Solomon, located at 1345, 6th Avenue, New York, NY 10105, is hereby retained as investment banker for the Company in the Chapter 11 Cases, subject to Bankruptcy Court approval; and be it further

**RESOLVED**, that the firm of Ankura Consulting Group LLC, located at 485 Lexington Ave., 10th Floor, New York, NY 10017, is hereby retained as financial advisor for the Company in the Chapter 11 Cases, subject to Bankruptcy Court approval; and be it further

**RESOLVED**, that the law firm of Proskauer Rose LLP, located at Eleven Times Square, New York, NY 10036, is hereby retained as attorneys for the Company in the Chapter 11 Cases, subject to Bankruptcy Court approval; and be it further

**RESOLVED**, that the firm of Prime Clerk LLC, located at One Grand Central Place, 60 East 42nd Street, Suite 1440, New York, New York 10165, is hereby retained as claims, noticing and solicitation agent for the Company in the Chapter 11 Cases, subject to Bankruptcy Court approval; and be it further

## III.    Debtor-in-Possession Financing

**RESOLVED**, that in connection with the Chapter 11 Cases, it is in the best interest of the Companies to engage in, and the Companies will obtain benefits from, the lending transactions or the guarantee of the lending transactions, as applicable, under that certain debtor-in-possession credit facility (the "**DIP Facility**")comprised of (I) a new money revolving credit facility in an aggregate principal amount not to exceed $20,000,000, which includes a sublimit of $5,000,000 for the issuance of letters of credit, and (II)  a roll-up of certain prepetition obligations (the "**Roll-up Amount**"), in each case to be evidenced by that certain Debtor-in-Possession Credit Agreement, to be entered into by and among  AG Kings Holdings Inc., as borrower, the Companies, as guarantors, the lenders from time to time party thereto (the "**Lenders**"), and Whitehorse Capital Management, LLC, as administrative agent (in such capacity, including any

successor thereto, the "**Administrative Agent**") and as collateral agent (in such capacity, including any successor thereto, the "**Collateral Agent**") for the Lenders (together with the Exhibits and Schedules annexed thereto, the "**DIP Credit Agreement**") (capitalized terms used in this section with respect to debtor-in-possession financing and not otherwise defined herein shall have the meanings ascribed to such terms in the DIP Credit Agreement); in each case subject to approval by the Bankruptcy Court, which is necessary and appropriate to the conduct, promotion and attainment of the businesses of the Companies (the "**Debtor-in-Possession Financing**"); and be it further

**RESOLVED**, that the form, terms and provisions of each of (i) the DIP Credit Agreement, including the use of proceeds to provide liquidity for the Companies throughout the Chapter 11 Cases, substantially in the form presented to each Governing Body and (ii) any and all of the other agreements, including, without limitation, any guarantee and security agreement, letters, certificates, documents and instruments authorized, executed, delivered, reaffirmed, verified and/or filed in connection with the Debtor-in-Possession Financing (together with the DIP Credit Agreement, collectively, the "**DIP Financing Documents**") and the Companies' performance of their obligations thereunder, including the borrowings and guarantees, as applicable, contemplated thereunder, are hereby, in all respects confirmed, ratified and approved; and be it further

**RESOLVED**, that any Authorized Officer is hereby authorized, empowered, and directed, in the name and on behalf of such Company, to cause the Company to negotiate and approve the terms, provisions of and performance of, and to prepare, execute and deliver the DIP Financing Documents to which it is a party, in the name and on behalf of such Company under its corporate seal or otherwise, and such other documents, agreements, instruments and certificates as may be required by the Agent or required by the DIP Credit Agreement and any other DIP Financing Documents; and be it further

**RESOLVED**, that each Company be, and hereby is, authorized, empowered, and directed to incur or guarantee, as applicable, the Obligations and to undertake any and all related transactions contemplated under the DIP Financing Documents including the granting of security thereunder (collectively, the "**DIP Financing Transactions**"); and be it further

**RESOLVED**, that any Authorized Officer is hereby authorized, empowered, and directed to grant security interests in, and liens on, any and all property of such Company as collateral pursuant to the DIP Financing Documents to secure all of the obligations and liabilities of such Company thereunder to the Lenders and the Agent, and to authorize, execute, verify, file and/or deliver to the Agent, on behalf of the Company, all agreements, documents and instruments required by the Lenders in connection with the foregoing; and be it further

**RESOLVED**, that any Authorized Officer is hereby authorized, empowered, and directed, in the name and on behalf of such Company, to take all such further actions including, without limitation, to pay all fees and expenses, in accordance with the terms of the DIP Financing Documents, which shall, in such Authorized Officer's sole judgment, be necessary, proper or advisable to perform such Company's obligations under or in connection with the DIP Financing Documents and the transactions contemplated therein and to carry out fully the intent of the foregoing resolutions; and be it further

**RESOLVED**, that any Authorized Officer is hereby authorized, empowered, and directed, in the name and on behalf of such Company, to execute and deliver any amendments, supplements, modifications, renewals, replacements, consolidations, substitutions and extensions of the DIP Credit Agreement and/or any of the DIP Financing Documents which shall, in such Authorized Officer's sole judgment, be necessary, proper or advisable; and be it further

IV.    **Appointment of M. Benjamin Jones as Chief Restructuring Officer and Kasey Rosado as Restructuring Officer**

**RESOLVED**, that each Governing Body of each Company previously discussed the appointment of a Chief Restructuring Officer and Restructuring Officer to provide certain consulting services to the Companies in connection with transactions and procedures under and related to any in-court or out-of-court restructuring or bankruptcy filing; and be it further

**RESOLVED**, that each Governing Body of each Company has recommended that the Companies appoint M. Benjamin Jones as Chief Restructuring Officer and Kasey Rosado as Restructuring Officer; and be it further

**RESOLVED**, that each Governing Body has had the opportunity to consult with the management and the legal and financial advisors of the Company to fully consider the decision to appoint M. Benjamin Jones and Kasey Rosado in these roles; and be it further

**RESOLVED**, that M. Benjamin Jones, Senior Managing Director of Ankura Consulting Group LLC, located at 485 Lexington Ave., 10th Floor, New York, NY 10017, is hereby retained as a Chief Restructuring Officer (the "**Chief Restructuring Officer**"). Subject to his business judgment and fiduciary responsibilities, M. Benjamin Jones will be granted authority to evaluate, implement, and manage the Companies; and be it further

**RESOLVED**, that Kasey Rosado, Senior Managing Director of Ankura Consulting Group LLC, located at 485 Lexington Ave., 10th Floor, New York, NY 10017, is hereby retained as a Restructuring Officer (the "**Restructuring Officer**"). Subject to her business judgment and fiduciary responsibilities, Kasey Rosado will be granted authority to evaluate, implement, and manage the Companies; and be it further

**RESOLVED**, that the Chief Restructuring Officer and Restructuring Officer are hereby authorized, empowered, and directed, in the name and on behalf of each Company, to execute and file in the Company's Chapter 11 Case, all petitions, schedules, motions, lists, applications, pleadings, and other papers, and to take and perform any and all further acts and deeds which such Chief Restructuring Officer or Restructuring Officer deems necessary, proper, or desirable in connection with the Company's Chapter 11 Case; and be it further

**RESOLVED**, that the Chief Restructuring Officer and Restructuring Officer, as an authorized representative of each of the Companies, are authorized and directed to execute and deliver all documents necessary to perfect the filing of the Chapter 11 Cases; and be it further

**RESOLVED**, that the Chief Restructuring Officer and Restructuring Officer are authorized and directed to appear in all bankruptcy proceedings on behalf of each Company, and to otherwise do and perform all acts and deeds and to execute and deliver all necessary documents on behalf of each Company in connection with the Chapter 11 Case; and be it further

V.    **General Authorization and Ratification**

**RESOLVED**, that any Authorized Officer is hereby authorized, empowered, and directed, in the name and on behalf of the respective Company, to cause such Company to enter into, execute, deliver, certify, file and/or record, and perform, such agreements, instruments, motions, affidavits, applications for approvals or rulings of governmental or regulatory authorities, certificates, or other documents, and to take

such other actions that in the judgment of the Authorized Officer shall be or become necessary, proper, or desirable in connection with such Company's Chapter 11 Case; and be it further

**RESOLVED**, that any and all past actions heretofore taken by any Authorized Officer or the directors of such Company in the name and on behalf of such Company in furtherance of any or all of the preceding resolutions be, and the same hereby are, ratified, confirmed, and approved in all respects; and be it further

**RESOLVED**, that all actions heretofore taken by any director, officer or agent of such Company, for and on behalf of such Company, with respect to any of the matters referenced in the foregoing resolutions are ratified, approved and confirmed in all respects.

\* \* \* \* \* \* \*

# KB US HOLDINGS, INC.

## CERTIFICATE OF CORPORATE OFFICER

August 23, 2020

I, Judith Spires, being a duly elected and authorized officer of each of the following (each a "**Company**" and, collectively, the "**Companies**"):

A. KB US Holdings, Inc., a Delaware corporation;

B. KB Holding, Inc., a Delaware corporation;

C. AG Kings Holdings Inc., a Delaware corporation;

D. AG Holdings II Inc., a Delaware corporation;

E. Kings Super Markets, Inc., a New Jersey corporation;

F. Balducci's Holdings LLC, a Delaware limited liability company;

G. Balducci's Connecticut LLC, a Delaware limited liability company;

H. Balducci's Maryland LLC, a Delaware limited liability company;

I. Balducci's Virginia LLC, a Delaware limited liability company; and

J. Balducci's New York LLC, a Delaware limited liability company;

hereby certify as follows:

A. I am a duly qualified and elected officer of each of the Companies and, as such, I am familiar with the facts herein certified and I am duly authorized to certify the same on behalf of the Companies;

B. Attached hereto is a true, correct, and complete copy of the resolutions of the board of directors, board of managers, sole member, or sole manager, as the case may be, of each of the Companies, duly adopted and approved on August 22, 2020, in accordance with each Company's bylaws or operating agreement; and

C. Such resolutions have not been amended, altered, annulled, rescinded, modified, or revoked since their adoption and remain in full force and effect as of the date hereof. There exist no subsequent resolutions relating to the matters set forth in the resolutions attached here.

**IN WITNESS WHEREOF**, the undersigned has executed this certificate as of the 23rd day of August, 2020.

Name: Judith Spires
Title: Chief Executive Officer